UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

UNITED STATES OF AMERICA

    -against-

DAVID GHYSELS,

    Defendant.
------------------------------------------------------------x

**AFFIRMATION**

05 CR 613 (JG)

**JEFFREY C. HOFFMAN,** an attorney duly admitted to practice law before this Court, affirms as follows:

1.    I am a member of the firm of Hoffman & Pollok LLP, attorneys for the defendant David Ghysels. I submit this affirmation in support of Mr. Ghysels' motion to vacate his conviction and dismiss the indictment or, in the alternative for a hearing, or for a new trial pursuant to Fed.R.Crim.Proc. Rule 33 based on the Government's violation of Mr. Ghysels' Constitutional rights under *Brady v. Maryland,* 373 U.S. 83, and *Giglio v. United States,* 405 U.S. 150, and their progeny. More specifically, Mr. Ghysels moves to dismiss the indictment or for a new trial based on the Government's failure to disclose exculpatory information and testimony provided by numerous witnesses in depositions before the SEC.

2.    The facts underlying the defendants' discovery of the SEC depositions are set forth in the motion papers submitted by counsel for defendant Mahaffy. Defendant Ghysels joins in Mr. Mahaffy's motion, as well as the motions of any other co-defendant, to the extent their arguments are applicable to him. Additional facts regarding the prior proceedings in this case are set forth in the accompanying memorandum of law and

1

incorporated herein.

3. In brief summary, as set forth previously by Mahaffy's counsel in a letter to the court dated December 16, 2009 regarding bail pending appeal, Doc. 790, the indictment in this case was jointly prosecuted by attorneys from the United States Attorney's Office and the SEC. Sandeep Satwaleker, an SEC attorney, participated in the first trial as a Special Assistant United States Attorney and was present in the court for portions of the second trial. Following the verdict at the second trial, the SEC initiated administrative proceedings against the defendants seeking to bar them from any association with a broker or deal or investment advisor. In the course of those proceedings, the SEC was required to make available various materials and documents, which Mahaffy and his counsel, Andrew Frisch, reviewed on December 7, 2009 and December 10, 2009, shortly after the sentencing.

4. Mahaffy and his counsel discovered, amongst 65 cartons a documents, a carton containing transcripts of depositions. Mahaffy ultimately obtained, *inter alia,* 30 deposition transcripts. As Mr. Frisch has advised the court, none of the transcripts were provided to counsel for the defendants during the course of two trials, with the possible exception of the SEC depositions of the defendants themselves. Undersigned counsel has reviewed a list of deposition transcripts provided to Mr. Frisch containing *Brady* material and concurs that he has never seen them before and became aware of them only as a result of Mr. Frisch's review of documents at the SEC subsequent to the verdict and sentencing.

5. Mr. Ghysels focuses his motion on the transcripts of witnesses employed by Lehman Bros., where he worked during the relevant time frame of the indictment.

Those transcripts are attached hereto as follows:

    Exhibit "A" -  Carlos Romero

    Exhibit "B" – Jonh Fiordalisi (three pages)

    Exhibit "C" – Michael Legieza

Other deposition transcripts cited briefly in the Memorandum of Law are attached to defendant Mahaffy's submission.

    6.    With respect to Carlos Romero, who was Ghysels' partner at Lehman Brothers at all relevant times, I attempted to speak to him in preparation for Mr. Ghysels' trial, and Mr. Romero declined to speak to me.  Had I known his testimony was so overwhelmingly and consistently exculpatory of Mr. Ghysels, I would have called him as a witness even without the benefit of a prior interview, knowing that I could use his SEC testimony to challenge him should he testify differently.

    7.    With respect to all other withheld transcripts, Mr. Ghysels joins in the arguments of his co-defendants to the extent that they are applicable to him.

    6.    As set forth in the accompanying Memorandum of Law, information contained in several of the deposition transcripts constitutes *Brady* and *Giglio* material which should have been disclosed to the defense.  The Government's failure to disclose that information prejudiced Mr. Ghysels and warrants the dismissal of the indictment, or a hearing, or that a new trial be granted.   We submit that, after two trials and an interlocutory appeal on double jeopardy grounds, spanning over five years, the indictment should be dismissed

    WHEREFORE, for the reasons presented in the accompanying Memorandum of Law, your deponent prays for an Order granting the defendant the relief enumerated in

the Notice of Motion and requested herein, together with such other and further relief as this Court deems just and proper.

Dated:  New York, New York
        February 22, 2010

                                                          s/ _____
                                                          JEFFREY C. HOFFMAN